[908 NYS2d 576]

In the Matter of GAIL H. TELLEYSH (Admitted as GAIL HELEN TELLEYSH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 14, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Sherry K. Cohen* of counsel), for petitioner.

*Michael S. Washor*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on April 30, 1979, under the name Gail Helen Telleysh, and at all times relevant to this proceeding, she maintained an office for the practice of law within the First Judicial Department.

Pursuant to 22 NYCRR 603.11, an attorney who is the subject of a disciplinary proceeding may submit an affidavit of resignation to the Departmental Disciplinary Committee. Respondent has submitted such an affidavit, sworn to on June 24, 2010. The Committee now moves for an order accepting respondent's resignation from the practice of law and striking her name from the roll of attorneys. The Committee states that on or about May 14, 2010, it notified respondent of an investigation commenced in response to a complaint filed by Thomas R. LeViness, Esq., on behalf of his client, Margot Kiser, alleging the intentional misappropriation of Ms. Kiser's funds by respondent. Thereafter, respondent advised the Committee that she wished to resign and submitted her affidavit of resignation.

The Committee states that respondent's affidavit of resignation complies with the requirements under section 603.11 in that respondent acknowledges that there is a pending disciplinary investigation against her based on allegations of professional misconduct, that if charges were brought based upon the misconduct under investigation, she could not successfully defend herself on the merits, that she has submitted her resignation freely, voluntarily and without coercion or duress, and that she is fully aware of the implications of submitting her resignation, to wit, that her name will be stricken from the roll of attorneys. In that affidavit, respondent avers that she was retained by Ms. Kiser to create a trust; that she became a co-trustee, and that between 1998 and 2009 she intentionally misappropriated approximately $1,400,000 of her client's funds. Respondent disclosed her misconduct to Ms. Kiser in early October 2009 after there was some inquiry about unauthorized transactions and shortly thereafter, she signed a confession of judgment for $1,400,000. Respondent further states that there is a continuing audit in progress to determine the exact amount of the misappropriations; and that she has not misappropriated any other client funds and is not currently holding any other

client or third-party funds in any trust or bank account in her name or under her control except advanced legal fees to be taken when earned.

Accordingly, the Committee's motion should be granted to the extent that respondent's resignation be accepted and her name be stricken from the roll of attorneys, effective nunc pro tunc to June 24, 2010.

FRIEDMAN, J.P., CATTERSON, MOSKOWITZ, RENWICK and ABDUS-SALAAM, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 24, 2010.